UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER GUSEK,
and AMANDA GUSEK,

        Plaintiffs,                    Case No. 18-13140

v.                                        Honorable Thomas L. Ludington

COUNTY OF TUSCOLA, and
DANIELLE GALBENSKI, in her
Official and individual capacities as,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT DANIELLE GALBENSKI'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT TUSCOLA COUNTY'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In October 2017, Plaintiffs, Christopher and Amanda Gusek, were charged with violating MCL § 750.50(4)(d) and bound over to Circuit Court. Circuit Judge Gierhat dismissed the charges based on insufficient probable cause. Def's Mot. Summ. J., ECF No. 16 at PageID.166–172. After the criminal case concluded, on October 9, 2018, Plaintiffs filed a complaint against Tuscola County and Danielle Galbenski in her personal and official capacity. ECF No. 1. Plaintiffs are suing the county and Ms. Galbenski under 42 U.S.C. § 1983 for false arrest and malicious prosecution. *Id.*

On July 22, 2019, Defendant Danielle Galbenski filed a Motion for Summary Judgment (ECF No. 16), Defendant Tuscola County filed a Motion for Summary Judgment (ECF No. 17), and Plaintiffs filed a Motion for Partial Summary Judgment (ECF No. 18). On July 24, 2019, Defendant Tuscola County filed a Notice of Joinder/Concurrence in Defendant Galbenski's Motion for Summary Judgment. ECF No. 19. All parties filed responses to the Cross-Motions for

Summary Judgment on August 12, 2019 (ECF Nos. 22–25). On August 15 and August 23, 2019, Plaintiffs filed reply briefs to their Motion for Summary Judgment. ECF Nos. 26, 28. On August 23, 2019, Defendant Galbenski filed her reply brief. ECF No. 27. On August 26, 2019, Defendant Tuscola County filed its reply brief. ECF No. 29. For the following reasons, Defendant Galbenski's Motion for Summary Judgment will be granted, Defendant Tuscola County's Motion for Summary Judgment will be granted, and Plaintiffs' Motion for Summary Judgment will be denied.

I.

Plaintiffs, Christopher and Amanda Gusek, are married and live in Tuscola County. Def.'s Mot. Summ. J., ECF No. 16 at PageID.158. Defendant Danielle Galbenski works for Sanilac County as an animal control officer. *Id.* at PageID.159. Sanilac County has an intergovernmental agreement with Tuscola County to provide animal control services to Tuscola County. *Id.* Plaintiffs rent property from Amanda Gusek's parents to use as a cattle farm for over 100 cattle. *Id.* at PageID.158-159; Compl., ECF No. 1 at PageID.2–3. Plaintiffs kept a group of cattle separate from the herd to be "feeder cattle." Def.'s Mot. Summ. J., ECF No. 16 at PageID.159–160.

In May 2017, Tuscola County Animal Control received an anonymous tip about cattle "without shelter." *Id.* at PageID.161. On May 15, 2017, Defendant Galbenski drove to the farm and observed 12 cattle in a small penned in area without shelter. *Id.*; *Id.* at PageID.251, Exhibit 3. Despite the lack of shelter, Galbenski wrote in her report that "cattle were of good weight and appeared to be in good health" and noted that "[w]ater was available to the animals." *Id.*; Compl. at PageID.3. Galbenski left a warning note on the home adjacent to the farm, requesting the owners telephone her. Def.'s Mot. Summ. J., ECF No. 16 at PageID.161. Ms. Galbenski had a phone conversation with each Plaintiff separately where she explained that there was no shelter for the

cattle in violation of Michigan law and requested that Plaintiffs construct a temporary shelter within 72 hours. *Id.* at PageID.162–63; Compl. at PageID.3-4.

Defendant Galbenski and Donna Lautner, another animal control officer, conducted follow-up visits to the property over a two week period, left a second warning notice, and had a phone call with property owner Ms. Franckowiak. Def.'s Mot. Summ. J., ECF No. 16 at PageID.163. At Defendant Galbenski's request, on June 23, 2017, Deputy Spencer Coleman from Tuscola County Sheriff's Office visited the farm to take pictures and interview the property owners, Paul and Lucille Franckowiak. *Id.* at PageID.164-165; Compl. at PageID.4-5.

On September 28, 2017, Defendant Galbenski submitted a report to the Tuscola County Prosecuting Attorney and requested Plaintiffs be charged with "failure to provide adequate care" to the cattle due to insufficient shelter. Def.'s Mot. Summ. J., ECF No. 16 at PageID.165; Compl. at PageID.5. On October 19, 2019, the Tuscola County Prosecuting Attorney filed a felony complaint and on October 31, 2019, Magistrate Joseph Van Auken authorized the felony complaint that charged Plaintiffs with violating MCL § 750.50(4)(d). Def.'s Mot. Summ. J., ECF No. 16 at PageID.166-167; *Id.* at PageID.336, Exhibit 14; Compl. at PageID.5.

Michigan's animal cruelty statute is MCL § 750.50. Subsection (1) provides the relevant definitions, Subsection (2) includes the elements of the crime, Subsection (4) includes the requirements for a misdemeanor or a felony charge.

MCL § 750.50(2) states:

(2) An owner, possessor, breeder, operator of a pet shop, or person having the charge or custody of an animal shall not do any of the following:
    (a) Fail to provide an animal with adequate care. . . .

MCL § 750.50(4)(d) states:

(4) A person who violates subsection (2) is guilty of a crime as follows:

(d) If the violation involved 10 or more animals but fewer than 25 animals or the person had 2 prior convictions for violating subsection (2), the person is guilty of a felony punishable by 1 or more of the following and may be ordered to pay the costs of prosecution:
    (i) Imprisonment for not more than 4 years.
    (ii) A fine of not more than $5,000.00.
    (iii) Community service for not more than 500 hours.

The relevant definitions from MCL § 750.50(1) state:

(1) As used in this section . . . :
    (a) "Adequate care" means the provision of sufficient food, water, shelter, sanitary conditions, exercise, and veterinary medical attention in order to maintain an animal in a state of good health. . . .
    (j) "Neglect" means to fail to sufficiently and properly care for an animal to the extent that the animal's health is jeopardized. . . .
    (l) "Shelter" means adequate protection from the elements and weather conditions suitable for the age, species, and physical condition of the animal so as to maintain the animal in a state of good health. Shelter, for livestock, includes structures or natural features such as trees or topography. . . .
    (m) "State of good health" means freedom from disease and illness, and in a condition of proper body weight and temperature for the age and species of the animal, unless the animal is undergoing appropriate treatment.

After learning about their arrest warrants, Plaintiff Christopher Gusek surrendered to the Tuscola County Sheriff Department on November 19, 2017 and Plaintiff Amanda Gusek surrendered on November 20, 2017. Def.'s Mot. Summ. J., ECF No. 16 at PageID.1667; Compl. at PageID.6-7. Plaintiffs were released on a small cash bond or on a personal recognizance bond a few hours after their appearance. *Id.*

Christopher Gusek's preliminary examination, at which Defendant Galbenksi testified, occurred on January 8, 2018[1] in front of District Court Judge Kim David Glaspie. Compl. at PageID.8; Def.'s Mot. Summ. J., ECF No. 16at PageID.167-169. Judge Galspie bound Mr. Gusek

---

[1] Both Plaintiffs' Complaint and Defendant Galbenski's Motion for Summary Judgment state the preliminary examination occurred on January 8, 2017. However, the date makes little sense considering that the felony complaint was not issued until October 31, 2017. The front page of the preliminary examination transcript, Exhibit M of Defendant Tuscola County's Motion for Summary Judgment, states the date as January 8, 2017. PageID.715. However, the beginning of the transcript itself states the date was January 8, 2018. PageID.717. As such, the correct date for the preliminary examination appears to be January 8, 2018.

over to Circuit Court. *Id.* A felony information was entered on Feb. 9, 2018, charging Mr. Gusek with violating MCL § 750.50(4)(d). *Id.* On March 22, 2018, Plaintiffs' counsel filed a Motion to Quash the felony information challenging the absence of a required element – the statute required the animals to be in bad health for the crime to be committed. Def.'s Mot. Summ. J., ECF No. 16 at PageID.170-171; Compl. at PageID.8. Circuit Court Judge Amy Grace Gierhart agreed with Plaintiffs' argument and granted Plaintiffs' Motion to Quash Information. Compl. at PageID.8-9. Ms. Gusek's charges were dropped after Mr. Gusek's Motion to Quash was granted. Def.'s Mot. Summ. J., ECF No. 16 at PageID.171.

Plaintiffs then filed this instant case, claiming violation of the Fourth Amendment rights by false arrest and malicious prosecution by Defendants Danielle Galbenski and Tuscola County. ECF No. 1.

## II.

Plaintiffs filed a complaint against Defendants Galbenski and Tuscola County with two counts: Count 1 – Malicious Prosecution in violation of the Fourth Amendment and Count 2 – False Arrest in violation of the Fourth Amendment. Plaintiffs filed a Motion for Partial Summary Judgment, Defendant Galbenski filed a Motion for Summary Judgment, and Defendant Tuscola County filed a Motion for Summary Judgment. ECF Nos. 16–18.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The two-part test for a 1983 claim states "(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Plaintiffs state it is "undisputed" that Defendant Galbenski acted under color of state law and she does not raise the issue in her response brief. Pl.'s Mot. Summ. J., ECF No. 18 at PageID.847–78. "The United States Supreme Court has held that acting under color of state law requires that the defendant in a § 1983 action have exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)). Galbenski's ability to investigate and forward a report recommending prosecution to the Tuscola County Prosecuting Attorney comes from her position as an animal control officer. Galbenski did not act as a private citizen, but was exercising her job duties, and as such, will be held to be acting under color of state law.

Plaintiffs correctly state that to meet the second part of the 1983 test, "the determination of liability [for the false arrest and malicious prosecution claims] depends upon plaintiff's ability to demonstrate a lack of probable cause, either to arrest or prosecute." Pl. Mot. Summ. J., ECF No. 18 at PageID.848; *see also Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

**A.**

Defendant Galbenski's Motion for Summary Judgment makes two claims, first that Plaintiffs cannot establish that Galbenski lacked probable cause for the arrest and prosecution, and

second, even if they can, Plaintiffs cannot establish that Galbenski is not eligible for qualified immunity. Because Galbenski had probable cause to issue her report and testify at the preliminary examination hearing, the Court will not reach the second issue of qualified immunity.

**1.**

"A police officer determines the existence of probable cause by examining the facts and circumstances within his knowledge that are sufficient to inform 'a prudent person, or one of reasonable caution,' that the suspect 'has committed, is committing, or is about to commit an offense.'" *Fridley*, 291 F.3d at 872 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Probable cause is determined by considering the "totality of the circumstances." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). "In ascertaining whether a constitutional violation occurred, the only question is whether [the police officer] had probable cause—not whether the evidence would be sufficient to support a conviction." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). Further, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams,* 407 U.S. 143, 149 (1972).

"An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). The Sixth Circuit continued and said,

> A facially valid warrant is not always sufficient to merit summary judgment in an action brought pursuant to § 1983 when evidence exists that a defendant intentionally mislead or intentionally omitted information at a probable cause hearing for an arrest or a search warrant provided that the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Dayton,* 134 F.3d 809, 816 (6th Cir.1998); *United States v. Atkin,* 107 F.3d 1213, 1217 (6th Cir.1997). In this case, however, Plaintiff never alleges, much less offers evidence, that any of Defendants intentionally misled the magistrate or that they omitted material information at the probable cause hearing. *Id.* n. 4.

The instant case fits into the Sixth Circuit's analysis. Plaintiffs were arrested after a Magistrate authorized an arrest warrant and Defendant Galbenski did not include any false information in her report. In fact, she included information that was beneficial to Plaintiffs, which was part of the reason why Plaintiffs were successful in quashing the felony information. Pl. Mot. Summ. J., ECF No. 18–15 at PageID.1013–1014, Exhibit 14. Therefore, Defendant Galbenski's Motion for Summary Judgment on the false arrest claim will be granted.

**2.**

The "tort of malicious prosecution," the Sixth Circuit instructs, is "a separate constitutionally cognizable claim . . . under the Fourth Amendment," which "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. 2010) (quotation marks and emphasis omitted) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007); *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir. 2006)). There are four elements to a malicious prosecution claim: 1) criminal prosecution was initiated against Plaintiffs and Defendant "made, influenced, or participated in the decision to prosecute," 2) "lack of probable cause for the criminal prosecution," 3) Plaintiffs suffered a deprivation of liberty, separate from the initial seizure, and 4) criminal proceeding resolved in Plaintiffs' favor. *Sykes*, 625 F.3d at 308–09.

Probable cause that applies to a malicious prosecution claim is different than the probable cause applicable to a false arrest claim. A plaintiff claiming false arrest must prove there was no probable cause to arrest plaintiff. *Id.* at 305. A plaintiff raising a claim of malicious prosecution under federal law must demonstrate a lack of probable cause for the prosecution. *See id.* at 308; *Walsh v. Taylor*, 689 N.W.2d 506, 517 (Mich. Ct. App. 2004). Where a plaintiff had a prior opportunity to litigate the existence of probable cause—e.g. through

a preliminary hearing—a judicial determination that probable cause exists has preclusive effect unless there is evidence that the officer supplied false information to establish probable cause. *See Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007); *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002).

Defendant Galbenski argues that the malicious prosecution claim, like the false arrest claim, is barred because Plaintiffs cannot prove there was no probable cause for the prosecution. Def. Mot. Summ. J., ECF No. 16 at PageID.173. In this case, Defendant Galbenski testified at the preliminary examination hearing, but did not provide any false information. Galbenski explained how she first learned about the complaint, her investigation, and her referral of the investigation to the Tuscola County Prosecuting Attorney. Plaintiffs claim that Defendant Galbenski omitted information about the topography of the penned in area where the cattle were located in her report – presumably referring to the one dead apple tree in the penned in area. Pl. Response to Def.'s Mot. Summ. J., ECF No. 23 at PageID.1108–1109. However, an omission by the Defendant alone is not a misrepresentation of fact that would subject Defendant to liability. *Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014) ("Any [minor] discrepancy at worst shows negligence or perhaps a lack of attention to detail, which does not amount to malicious prosecution. No reasonable jury could find that [defendant] intentionally or recklessly played fast and loose with the facts."). Also, Defendant mentions the dead apple tree in her testimony at the preliminary examination. Response to Def.'s Mot. Summ. J., ECF No. 23–14 at PageID.1199, Exhibit 13 ("Q What was the . . .the topography of the area where the pen was? / A Just, just a small – just a small dirt area. There's one dead tree far in the corner, but it is a dead, dead tree. There's, there's no protection whatsoever, in fact, I'm sure it'll be falling down without a doubt. There's nothing.").

Even if there were an omission in the report, the District Court Judge was on record notice of the tree and any supposed shelter it could provide the cattle during the preliminary examination.

Second, Plaintiff claims that Defendant misrepresented the law; falsely stating the law requires a physical "structure" be built for the animals. Response to Def.'s Mot. Summ. J., ECF No. 23 at PageID.1108-1109. However, Defendant's report states "[t]he cattle had been without shelter, or access to any protection from the elements," implying that protection from the elements does not have to come from a physical shelter. Response to Def.'s Mot. Summ. J., ECF No. 23 at PageID.1172, Exhibit 5. Additionally, Defendant's preliminary examination testimony demonstrates the opposite of Plaintiffs' claim. In response to a question on direct examination regarding the state law requirements for shelter, Defendant responded, "Well, as you stated, whether it be a barn or in this case, a run-in shelter, as we would continue with that, it's just protection from the elements. As per state law the animals must have protection from the elements, that can be done with trees or various structures of such." Response to Def.'s Mot. Summ. J., ECF No. 23–14 at PageID.1204, Exhibit 13.

Defendant Galbenski is correct that Plaintiffs cannot prove there was a lack of probable cause to prosecute Plaintiffs. As such, the second element of a malicious prosecution claim – lack of probable cause to prosecute – is missing. Defendant Galbenski's motion for summary judgment on the malicious prosecution claim will be granted.

**B.**

Defendant Tuscola County makes a variety of arguments in its Motion for Summary Judgment, from seeking to dismiss the case because Plaintiffs did not plead a cognizable claim against it, a lack of municipal liability for a *Monell* claim, and that Defendant Galbenski did not violate a constitutional right. Def.'s Mot. Summ. J., ECF No. 17 at PageID.15–25. The Court will

begin with the last claim. As discussed earlier in this opinion, the Court found that Plaintiffs could not establish a lack of probable cause for their arrest and prosecution. *See supra* Subsection II.A. Specifically, the Court concluded that Defendant Galbenski was not responsible for false arrest because a Magistrate signed the facially valid arrest warrant and she did not provide any false or misleading information. The Court used similar reasoning to conclude that Plaintiffs could not prove lack of probable cause for the prosecution because the District Court held a preliminary examination hearing and Galbenski provided no false information to the court. Since Plaintiffs cannot meet their burden on the elements of the underlying false arrest and malicious prosecution claims, the claim that Tuscola County was liable based on Defendant Galbenski's actions does not require further attention. Defendant Tuscola County's Motion for Summary Judgment on false arrest and malicious prosecution will be granted.

C.

Because Plaintiffs cannot show that probable cause was lacking, they have not met their burden of demonstrating that Defendants falsely arrested or maliciously prosecuted them under federal law. They therefore have not shown that Defendant Galbenski committed a constitutional tort, and, as such, cannot establish that a policy or custom of Tuscola County was the driving force behind any constitutional injury under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–95 (1978). Plaintiffs thus cannot proceed on their claims of false arrest and malicious prosecution against either Defendant Galbenski or Tuscola County. As a result, Plaintiffs' Motion for Partial Summary Judgment will be denied and Plaintiffs' claims dismissed.

V.

Accordingly, it is **ORDERED** that Defendant Galbenski's motion for summary judgment, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that Defendant Tuscola County's motion for summary judgment, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that Plaintiffs' partial motion for summary judgment, ECF No. 18, is **DENIED**.

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: September 11, 2019                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge